# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-16-00240-CV

### D. L. M., Appellant

### v.

### The State of Texas, Appellee

### FROM THE PROBATE COURT NO. 1 OF TRAVIS COUNTY
### NO. C-1-MH-16-000438, HONORABLE GUY S. HERMAN, JUDGE PRESIDING

## O R D E R   A N D   M E M O R A N D U M   O P I N I O N

**PER CURIAM**

D.L.M. has filed a notice of appeal from a trial court order authorizing the administration of psychoactive medication to D.L.M. without his consent.[1] D.L.M.'s appellate brief was due in this Court on May 31, 2016. On June 6, 2016, this Court notified D.L.M's court-appointed counsel that appellant's brief was overdue and that if we did not receive a satisfactory response to our notice on or before June 16, 2016, we may dismiss the appeal for want of prosecution. As of this date, no brief or response has been filed.

Although we may dismiss the appeal under these circumstances,[2] we may also "decline to dismiss the appeal and give further direction to the case as [this Court] considers

---

[1] *See* Tex. Health & Safety Code §§ 574.106, .108.

[2] *See* Tex. R. App. P. 38.8(a)(1); *see also In re B.G.*, No. 05-99-00929-CV, 2000 Tex. App. LEXIS 4193, at *1-2 (Tex. App.—Dallas June 22, 2000, no pet.) (per curiam) (dismissing appeal of order to administer psychoactive medication under similar circumstances).

proper."[3]  In other civil cases involving the failure of *appointed* counsel to file a brief on appellant's behalf, this Court has abated the appeal and remanded the cause to the trial court to conduct a hearing pursuant to Rule 38.8(b)(3).[4]  Because "an individual has a 'significant' constitutionally protected 'liberty interest' in 'avoiding the unwanted administration of antipsychotic drugs,'"[5] we believe that abatement rather than dismissal of the appeal is the appropriate procedure here, at least at this juncture.

Accordingly, we abate the appeal and remand the cause to the trial court.  The trial court shall conduct a hearing immediately to determine whether appellant still wishes to prosecute his appeal, whether counsel has abandoned the appeal, and whether new counsel should be appointed to continue the appeal.[6]  If appellant still desires to appeal, the trial court should make appropriate orders to ensure that appellant is adequately represented on appeal.  Following the hearing, the trial court should order the appropriate supplementary clerk's and reporter's records to be prepared and forwarded to this Court no later than August 5, 2016.[7]

---

[3]  *See* Tex. R. App. P. 38.8(a)(2).

[4]  *See* Tex. R. App. P. 38.8(b)(3); *see also In re L.M.M.*, No. 03-11-00127-CV, 2011 Tex. App. LEXIS 9004, at *1-2 (Tex. App.—Austin Nov. 9, 2011) (per curiam) (abating appeal from order adjudicating juvenile delinquent); *Salazar v. Texas Dep't of Family & Protective Servs.*, No. 03-10-00603-CV, 2011 Tex. App. LEXIS 170, at *1-2 (Tex. App.—Austin Jan. 7, 2011) (per curiam order) (abating appeal from order terminating parental rights).

[5]  *Sell v. United States*, 539 U.S. 166, 178 (2003) (quoting *Washington v. Harper*, 494 U.S. 210, 221-222 (1990)).

[6]  *See* Tex. R. App. P. 38.8(b)(3).

[7]  *See id*.

It is ordered on July 6, 2016.


Before Chief Justice Rose, Justices Pemberton and Bourland

Abated and Remanded

Filed:   July 6, 2016